DOA: 6-10-26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

TREVON THOMAS,
   a/k/a "Boy Boy"
DAQUAN STEPHENS,
   a/k/a "Day Day"
JACOB CARGILL,
   a/k/a "Yayo," and
TAHMEL GORDON,

                              Defendants.

**SEALED INDICTMENT**

26 Cr.

AZ.NO: 26-8206 MJ

26 CRIM 0233

## COUNT ONE
### (Conspiracy to Distribute Narcotics)

The Grand Jury charges:

1.      From at least in or about November 2022 through at least in or about May 2026, in the Southern District of New York and elsewhere, TREVON THOMAS, a/k/a "Boy Boy," DAQUAN STEPHENS, a/k/a "Day Day," JACOB CARGILL, a/k/a "Yayo," and TAHMEL GORDON, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2.      It was a part and an object of the conspiracy that TREVON THOMAS, a/k/a "Boy Boy," DAQUAN STEPHENS, a/k/a "Day Day," JACOB CARGILL, a/k/a "Yayo," and TAHMEL GORDON, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.      The controlled substances involved in the offense were: (i) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A); (ii) mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (iii) mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

### COUNT TWO
### (Conspiracy to Traffic in Firearms)

The Grand Jury further charges:

4.      Between at least in or about December 2024 through at least in or about May 2026, in the Southern District of New York and elsewhere, TREVON THOMAS, a/k/a "Boy Boy," DAQUAN STEPHENS, a/k/a "Day Day," and JACOB CARGILL, a/k/a "Yayo," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to traffic in firearms, in violation of Title 18, United States Code, Section 933.

5.      It was a part and an object of the conspiracy that TREVON THOMAS, a/k/a "Boy Boy," DAQUAN STEPHENS, a/k/a "Day Day," and JACOB CARGILL, a/k/a "Yayo," the defendants, and others known and unknown, would and did (1) ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to another person in and otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in Title 18, United States Code, Section 932(a), and (2) receive from another person a firearm in and otherwise affecting interstate and foreign commerce, and did so knowing and having

2

reasonable cause to believe that such receipt would constitute a felony defined in Title 18, United States Code, Section 932(a), to wit, THOMAS, STEPHENS, and CARGILL engaged in the unlicensed dealing of firearms, sold and possessed a stolen firearm, and sold and possessed a defaced firearm.

(Title 18, United States Code, Section 933(a)(3).)

## COUNT THREE
### (Unlicensed Dealing of Firearms)

The Grand Jury further charges:

6.     Between at least in or about December 2024 through at least in or about December 2025, in the Southern District of New York and elsewhere, DAQUAN STEPHENS, a/k/a "Day Day," the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, to wit, STEPHENS trafficked firearms from North Carolina and elsewhere to the Bronx and New York, New York, where he sold and distributed them.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

## COUNT FOUR
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

7.     On or about January 9, 2025, in the Southern District of New York and elsewhere, TREVON THOMAS, a/k/a "Boy Boy," and DAQUAN STEPHENS, a/k/a "Day Day," the defendants, during and in relation to a drug trafficking crime for which he may be prosecuted in a

3

court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT FIVE
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

8.      On or about February 24, 2026, in the Southern District of New York and elsewhere, TREVON THOMAS, a/k/a "Boy Boy," and JACOB CARGILL, a/k/a "Yayo," the defendants, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT SIX
### (Possession of a Firearm After a Felony Conviction)

The Grand Jury further charges:

9.      On or about February 24, 2026, in the Southern District of New York and elsewhere, JACOB CARGILL, a/k/a "Yayo," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a .9mm caliber Ruger handgun, and the firearm was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

4

## FORFEITURE ALLEGATIONS

10.    As a result of committing the offense alleged in Count One of this Indictment, TREVON THOMAS, a/k/a "Boy Boy," DAQUAN STEPHENS, a/k/a "Day Day," JACOB CARGILL, a/k/a "Yayo," and TAHMEL GORDON, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

11.    As a result of committing the offenses alleged in Counts Two, Three, Four, Five, and Six of this Indictment, TREVON THOMAS, a/k/a "Boy Boy," DAQUAN STEPHENS, a/k/a "Day Day," and JACOB CARGILL, a/k/a "Yayo," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and 934(a)(1), and Title 28 United States Code, Section 2461(c), any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and any and all firearms and ammunition involved in or used in said offenses.

12.    As a result of committing the offenses alleged in Counts Two, Three, Four, and Five, of this Indictment, TREVON THOMAS, a/k/a "Boy Boy," DAQUAN STEPHENS, a/k/a "Day Day," and JACOB CARGILL, a/k/a "Yayo," the defendants, shall forfeit to the United

5

States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses.

## Substitute Assets Provision

13.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 934;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney

6